# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the entry **docketing statement objection/correction filed**.

| Appeal No. & Caption | No. 12-1713 |
|---|---|
| Originating No. & Caption | 1:11-cv-02191-WMN |
| Originating Court/Agency | United States District Court for the District of Maryland |

| Jurisdiction (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USCS § 1291 | |
| Time allowed for filing in Court of Appeals | 60 days | |
| Date of entry of order or judgment appealed | 5/9/12 | |
| Date notice of appeal or petition for review filed | 6/1/12 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ⊙ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| Settlement (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⊙ No |

03/20/2012
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

    Appellant primary care physicians challenged the failure of CMS to comply with the Federal Advisory Committee Act ("FACA"), the Administrative Procedure Act, the Patient Protection and Affordable Care Act ("ACA"), the Mandamus Act, the Delegation Clause, and the Due Process Clause. Appellants sought declaratory judgment and injunctive relief that, inter alia, Appellees were in violation of the APA and FACA for utilizing the American Medical Association Specialty Society Relative Value Scale Update Committee ("AMA RUC") as an unchartered, "de facto" FAC in that CMS directly manages, utilizes, and relies upon the AMA RUC in the relative valuation process that forms the basis of the Physician Fee Schedule. No money damages were demanded. No particular fee, reimbursement or formula was at issue. Instead, Appellants challenged the method used to establish the physician payment schedules and the improper delegation of statutory authority by HHS to the AMA.
    Appellees moved to dismiss on many bases, including that judicial review of RVUs is totally barred by 42 U.S.C. § 1395w-4(i)(1)(B).
    The Court dismissed without a hearing. Relying on three distinguishable cases from outside this Circuit, the Court found that §1395w-4(i)(1) acts as a bar to judicial review. It also held that the Appellants did not have a sufficient property interest for a due process claim.

| Issues (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Whether the case was properly dismissed as completely barred from judicial review by §1395w-4(i)(1) of Section 42 of the United States Code.<br><br>2. Whether the statutory judicial bar applies equally to amount as well as to method determinations of RVUs.<br><br>3. Whether the District Court should have exercised jurisdiction regardless of §1395w-4(i)(1) since Plaintiffs sufficiently alleged that the Secretary violated a clear statutory mandate and exceeded the scope of her delegated authority.<br><br>4. Whether the District Court correctly held that Plaintiffs lacked the requisite standing to pursue due process claims that the method for determining RVUs is unlawful, outside the scope of statutory authority and fatally flawed. |

| Adverse Parties (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Donald Berwick, M.D., Administrator of the Centers for Medicare & Medicaid Services<br>Attorney: Alisa B. Klein<br>Address: U.S. Dep't of Justice, Civil Appellate<br>950 Pennsylvania Ave., N.W.<br>Room 7235<br>Washington, D.C. 20530<br>E-mail: alisa.klein@usdoj.gov<br>Phone: 202-514-1597 | Adverse Party: Kathleen Sebelius, Secretary of Health and Human Services<br>Attorney: Alisa B. Klein<br>Address: U.S. Dep't of Justice, Civil Appellate<br>950 Pennsylvania Ave., N.W.<br>Room 7235<br>Washington, D.C. 20530<br>E-mail: alisa.klein@usdoj.gov<br>Phone: 202-514-1597 |
| **Adverse Parties (continued)** ||
| Adverse Party: Donald Berwick, M.D., Administrator of the Centers for Medicare & Medicaid Services<br>Attorney: Mark B. Stern<br>Address: U.S. Dep't of Justice, Civil Appellate<br>950 Pennsylvania Ave., N.W.<br>Room 7235<br>Washington, D.C. 20530<br>E-mail: mark.stern@usdoj.gov<br>Phone: 202-514-5089 | Adverse Party: Kathleen Sebelius, Secretary of Health and Human Services<br>Attorney: Mark B. Stern<br>Address: U.S. Dep't of Justice, Civil Appellate<br>950 Pennsylvania Ave., N.W.<br>Room 7235<br>Washington, D.C. 20530<br>E-mail: mark.stern@usdoj.gov<br>Phone: 202-514-5089 |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Paul Fischer, M.D., Robert Clark, M.D. & Leslie Pollard, M.D. | Name: Paul Fischer, M.D., Robert Clark, M.D. & Leslie Pollard, M.D. |
| Attorney: Timothy Maloney<br>Address: Joseph, Greenwald & Laake, P.A.<br>6404 Ivy Lane, Suite 400<br>Greenbelt, MD 20770 | Attorney: Veronica Nannis<br>Address: Joseph, Greenwald & Laake, P.A.<br>6404 Ivy Lane, Suite 400<br>Greenbelt, MD 20770 |
| E-mail: tmaloney@jgllaw.com | E-mail: vnannis@jgllaw.com |
| Phone: 301-220-2200 | Phone: 240-553-1209 |
| **Appellant (continued)** ||
| Name: Paul Fischer, M.D., Robert Clark, M.D. & Leslie Pollard, M.D. | Name: |
| Attorney: Matthew Bryant<br>Address: Joseph, Greenwald & Laake, P.A.<br>6404 Ivy Lane, Suite 400<br>Greenbelt, MD 20770 | Attorney:<br>Address: |
| E-mail: mbryant@jgllaw.com | E-mail: |
| Phone: 301-220-2200 | Phone: |

**Certificate of Service:** I certify that on ___June 19, 2012___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

Signature: /s/ Veronica B.          Date: 6/19/12